**FILED**
**SCRANTON**

JAN 0 6 2012

Per____M. E. P.____
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION A. TEMPLE, | : | |
| Petitioner | : | NO. 3:11-CV-404 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| BRIAN COLEMAN, et al., | : | |
| Respondents | : | |

## MEMORANDUM and ORDER

On January 20, 2011, the instant petition for habeas corpus was filed pursuant to 28 U.S.C. §2254 in the United States District Court for the Western District of Pennsylvania by Petitioner, Dion A. Temple, currently incarcerated at the Fayette State Correctional Institute in LaBelle, Pennsylvania, regarding a 2007 drug-related conviction in the Pennsylvania Court of Common Pleas of Lackawanna County. (Doc. 6). On February 8, 2011, Petitioner filed an amended petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania. (Doc. 9). The matter was transferred to this Court on March 2, 2011. (Doc. 10).

On March 31, 2011 and April 1, 2011, Respondents filed motions to dismiss the petition and a brief in support thereof, and on April 15, 2011, Petitioner filed a brief in opposition of said motions. (Docs. 21-23 & 27). On April 29, 2011, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation (R&R) recommending, inter alia, that Respondents' motions to dismiss be granted in part and denied in part and, further, that Petitioner's amended habeas corpus petition be dismissed without prejudice. (Doc. 29).

On July 14, 2011, Petitioner filed objections to the R&R. (Doc. 38). On July 20, 2011, Respondents filed a Response arguing that the objections were untimely and should be

dismissed. (Doc. 40). On July 20, 2011, Petitioner filed a second set of objections (Doc. 41) to the R&R, which were dismissed as untimely on July 21, 2011 while his initial objections were determined to be timely. (Doc. 42). Subsequently, Petitioner filed a statement of facts, another objection, and a letter regarding the issues of the case in support of his objections. (Docs. 44, 46, & 47). The objections to the R&R are now ripe for disposition and for the reasons that follow will be overruled.

### Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); <u>Mutombo v. Carl</u>, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. <u>Cruz v. Chater</u>, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); <u>Garcia v. I.N.S.</u>, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

### Discussion

In his R&R, Magistrate Judge Blewitt sets forth Petitioner's state court procedural history and the claims in his petition and amended petition. (Doc. 29, pp. 3-7). The Magistrate Judge notes that both of Petitioner's appeals filed with the Pennsylvania Superior Court were dismissed on procedural defects without having the merits of the claims considered and that Petitioner's second Post Conviction Relief Act (PCRA) Petition is still pending in the Court of Common Pleas of Lackawanna County, and, therefore, Petitioner has not exhausted his state court remedies. (Doc. 29, pp. 8-10). The Magistrate Judge determines that Petitioner has not "fairly presented" all of his habeas claims on direct appeal and on collateral appeal with the trial court. (Doc. 29, p. 11), citing Bentley v. Tennis, 2010 WL 5140029, 5-6 (M.D. Pa. 2010), citing Picard v. Connor, 404 U.S. 270, 274 (1971). Magistrate Judge Blewitt finds, and the Petitioner admits, that the Lackawanna County Court of Common Pleas has not yet ruled on his March 8, 2010 PCRA Petition and April 16, 2010 Supplement to that Petition. (Doc. 29, pp. 12-13). Accordingly, the Magistrate Judge recommends dismissing the instant Petition without prejudice to re-file after Petitioner exhausts his state court remedies. (Doc. 29, pp. 14-15, 19-20).

Magistrate Judge Blewitt also concludes that Petitioner's claims, which are based upon state law and alleged state court errors, do not state cognizable habeas claims and recommends that these claims be dismissed with prejudice. (Doc. 29, pp. 15-20).

In his objections, Petitioner, in great detail, sets forth his version of the events surrounding his arrest and argues that his equal protection and due process rights have been violated. (Doc. 38, pp. 4-9). Also, Plaintiff claims that he has presented all issues to state court on multiple occasions but that there is an absence of an available state corrective process and circumstances exist which render such processes ineffective. (Doc. 38, p. 10).

3

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 445 U.S. 509, 515-20; Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson, 805 F.2d at 138.

A review of the Court of Common Pleas of Lackawanna County docket reveals that on December 15, 2011, Plaintiff filed a motion requesting "a 30 day extention (sic) to file brief on appeal to Post Conviction Relief Act Petition." See Exhibit A. It is apparent that Petitioner intends to appeal Court of Common Pleas Judge Vito P. Geroulo's Order denying his PCRA Petition to the Superior Court of Pennsylvania. See Court of Common Pleas of Lackawanna County Docket, Commonwealth of Pennsylvania v. Temple, CP 35-CR-0002381-2006 and CP-35-CR-0002388-2006 (November 15, 2011) (Geroulo, J). Petitioner's state remedies have not been exhausted and, accordingly, this Court must decline the review sought.

The Magistrate Judge's recommendation that the petition be dismissed without prejudice due to Petitioner's failure to exhaust available state court remedies will be accepted. Importantly, this Court has not considered the merits of any of Petitioner's claims, and this dismissal shall not

operate as an adjudication on the merits or otherwise preclude Petitioner from timely[1] filing another section 2254 motion properly raising all viable grounds for relief. However, Petitioner is advised to review Magistrate Judge Blewitt's analysis of Petitioner's claims in the R&R (Doc. 29) of April 29, 2011 before filing a subsequent petition after exhausting all state court remedies.

                                                     */s/ William J. Nealon*
                                                     **United States District Judge**

Date: January 6, 2012

---

[1] Petitioner is advised that there is a one-year statute of limitations. See 28 U.S.C. §2244(d).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION A. TEMPLE,
    Petitioner

v.

BRIAN COLEMAN, et al.,
    Respondents

: NO. 3:11-CV-404
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)

## ORDER

**AND NOW,** this 6th day of January, 2012, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's objections (Doc. 38) to the R&R are **OVERRULED**;

2. Magistrate Judge Blewitt's R&R (Doc. 29) is **ADOPTED in part;**

3. Petitioner's Amended Petition for Writ of Habeas Corpus is **DISMISSED without prejudice;**

4. The Clerk of Courts is directed to **CLOSE** this case; and

5. There is no basis for the issuance of a certificate of appealability.

_____
**United States District Judge**

# Exhibit A

In The Court of Common Pleas of Lackawanna County of PA.

*2011 DEC 15 P 3: 35*

Commonwealth
v.
Dion A. Temple

) # Crim Complaint Nos # CR-445-06
) CR-288-06.
) Docket Nos # CR-2388-06
) CR-2381
)

## Motion For Extension of Time to File Brief

Petitioner Dion A. Temple, request a 30 day extension to file brief on Appeal to Post. Conviction. Relief. Act. Petition.

Petitioner, need All necessary transcripts to permit meaningful claims of error on Appeal. In Addition petitioner is waiting on other documents as well to support all claims of error, to perfect filing of brief.

Petitioner Dion A. Temple, Request of this petition back as filed for record from Clerk of court.

Yours Truly

Dion A. Temple
Dion A. Temple HF-521

cc: Rec Dpt.
12/12/2011

*Please return both petition, Extention of time 30 And Affidavit, As filed for record.*

## AFFIDAVIT

I, Dion A. Temple, do hereby aver that the foregoing is true and correct to the best of my knowledge, information, and belief.

I understand the penalties under Title 18 §4904, relating to Unsworn Falsification to Authorities, applies.

## PROOF OF SERVICE

I, Dion A. Temple, do hereby aver that copies of the attached/enclosed Request for Extention 30 days have been mailed to the below listed person(s) by First Class Mail, postage paid, on 12-12-2011. This service also satisfies the requirements of the Prisoner's Mailbox Act with a Certificate of Mailing (*Com. v. Jones*, 700 A.2d 423; **Houston v. Lack**, 108 S.Ct. 2379):

Service by First Class Mail:

Clerk of Court
Rec Dpt.

Respectfully Submitted,

*[signature]*

S.C.I. Fayette
P O Box 9999
La Belle, PA 15450